HORACE C. METCALF v. ANNA S. BOCKOVEN.

FILED NOVEMBER 8, 1894.   No. 5840.

**Partnership:** EVIDENCE OF EXISTENCE.  The evidence in this case examined, and *held* to support the finding of the district court "that the partnership alleged to have been entered into between Horace C. Metcalf and Anna S. Bockoven, as set out in the amended petition, and denied by her answer, never existed."

ERROR from the district court of Douglas county.   Tried below before IRVINE, J.

*Edgar H. Scott,* for plaintiff in error, cited: *Shortel v. Young,* 23 Neb., 408; *Oberfelder v. Kavanaugh,* 29 Neb., 431; *Mewman v. Morris,* 52 Miss., 405; *Plumer v. Lord,* 5 Allen [Mass.], 460; *Preusser v. Henshaw,* 49 Ia., 41; *Scott v. Conway,* 58 N. Y., 619; *May v. May,* 9 Neb., 22; *Third Nat. Bank of Buffalo v. Guenther,* 123 N. Y., 568; *Rankin v. West,* 25 Mich., 195; *Guttman v. Scannell,* 7 Cal., 459; *Newan v. Morris,* 52 Miss., 405; *German Ins. Co. v. Hyman,* 34 Neb., 704; *Bitter v. Rathman,* 61 N. Y., 513; *Tillman v. Shackleton,* 15 Mich., 447; *Duprey v. Sheak,* 57 Ia., 361.

*Abbott & Caldwell* and *Breckenridge, Breckenridge & Crofoot, contra,* cited: *Wilson v. Loomis,* 55 Ill., 352; *Carter v. Martin,* 15 S. W. Rep. [Ky.], 663; *Payne v. Thompson,* 44 O. St., 192; *Bowker v. Bradford,* 140 Mass., 521; *Artman v. Ferguson,* 73 Mich., 146; *Wortman v. Price,* 47 Ill., 22; *Hyde v. Frey,* 28 Fed. Rep., 819; *Longdale Iron Co. v. Pomeroy Coal Co.,* 34 Fed. Rep., 448.

RAGAN, C.

Horace C. Metcalf brought this suit in equity in the district court of Douglas county against Anna S. Bockoven and Alfonso J. Metcalf.   He alleged in his petition, in sub-

stance, that about the 1st of August, 1890, he and Mrs. Anna S. Bockoven entered into a copartnership under the name and style of Bockoven & Metcalf, for the purpose of engaging in the wholesale fruit business at Grand Island, Nebraska, and that shortly after the firm removed to Chicago, Illinois; that for the purpose of carrying on said business he loaned to the firm its entire capital stock, amounting to the sum of $3,000, for which it was agreed he should be reimbursed; that in addition to the capital so advanced he, at divers times, had loaned to the said firm other large amounts of money which the firm agreed to repay him with interest at ten per cent per annum; that in April, 1891, it was agreed between himself and Mrs. Bockoven that the partnership existing between them should be dissolved, and that Mrs. Bockoven and Alfonso J. Metcalf should continue the firm business under the same firm name; that in pursuance of this agreement the copartnership between him and Mrs. Bockoven was in fact dissolved, and Alfonso Metcalf and Mrs. Bockoven continued the business under the old firm name, agreeing to become jointly and severally liable to him for the amounts of money due him from the old copartnership. He prayed that an accounting might be had between himself and Mrs. Bockoven and Alfonso Metcalf, and that he might have judgment against them, and each of them, for the amount found due him. The answer of Mrs. Bockoven, so far as material here, was a general denial of all the allegations of Metcalf's petition. Preparatory to ordering an accounting in the case the district court tried the issue made by the pleadings as to the existence of the copartnership alleged to exist between Horace Metcalf and Mrs. Anna S. Bockoven, and between Mrs. Anna S. Bockoven and Alfonso J. Metcalf, and on these issues the court found: "That the partnership alleged to have been entered into between Horace C. Metcalf and Anna S. Bockoven, as set out in the amended petition, and denied by her answer, never existed. I do further find that

no copartnership ever existed between the defendant Anna S. Bockoven and her co-defendant, Alfonso J. Metcalf. I do further find that the plaintiff, by reason of the non-existence of such copartnership between himself and said Anna S. Bockoven, is not entitled to any accounting as prayed." And thereupon the district court rendered a judgment dismissing Horace C. Metcalf's action. To reverse this judgment the plaintiff prosecutes proceedings in error to this court.

The principal argument of the plaintiff in error is that the finding by the district court, that no copartnership existed between Horace Metcalf and Mrs. Bockoven, is not supported by, and is contrary to, the evidence. We shall not stop to quote this evidence, nor any considerable part of it, but we have not the slightest doubt that the findings made by the district court are the only ones that could have been correctly made under the evidence. There is no evidence in this record which even tends to show that Mrs. Bockoven and Alfonso Metcalf were ever copartners in any business whatever. The evidence does show that some time in September, 1890, Mrs. Bockoven's husband, C. A. Bockoven, entered into a copartnership with Horace Metcalf; that they were to be partners in carrying on a produce business, and the evidence shows that for some reason Mr. Bockoven did not wish his name used in this copartnership, and by the agreement between him and Metcalf, he, Bockoven, was to be Metcalf's partner and do business with him as a partner, but in the name of his, Bockoven's, wife; and that they did so conduct the partnership business. The articles of copartnership between Horace Metcalf and Mr. Bockoven recite that a copartnership had been entered into between Horace Metcalf and Mrs. Bockoven. These articles of copartnership are signed by Horace Metcalf in person and Anna S. Bockoven by her husband. At the time this article of copartnership was signed and entered into, Horace Metcalf had never seen Mrs. Bockoven. She never

put any money into this business nor expended any time towards its conduct. In fact she had nothing whatever to do with the business. It was not her business and she had no interest in it. It was the business and copartnership of her husband and Horace Metcalf, although her husband's part of the business was conducted in her name. That fact, however, did not make her the partner as between her and Horace Metcalf. Horace Metcalf and Mr. Bockoven might have agreed that their copartnership business should be conducted in the name of Lorenzo Crounse, and he might have known and consented to that arrangement, and yet as between him and Horace Metcalf and Mr. Bockoven he would not have been their partner. We are not called upon in this case to pass upon the question as to whether a married woman has the power to enter into a copartnership agreement with her husband or another person; nor are we called upon to determine whether Mrs. Bockoven, by permitting her name to be used as a partner in this copartnership between Horace Metcalf and her husband, thereby estopped herself from asserting that she was not a partner of Horace Metcalf as against the creditors of this firm. This question is not before us. She certainly is not estopped from showing the actual facts in the case as against Horace Metcalf. He never made any contract of copartnership with Mrs. Bockoven. He did not rely upon the property of Mrs. Bockoven or her especial fitness for conducting a produce business at the time he made this contract of partnership with her husband. He never loaned the firm any money on the faith and credit of Mrs. Bockoven's name or property. This entire arrangement between Horace Metcalf and C. A. Bockoven is apparently a very poorly disguised scheme by which C. A. Bockoven and Horace Metcalf attempted to enable the former to engage in business and shield the profits arising from such business from his creditors. But whatever money or property that at any time belonged to the firm of Metcalf & Bockoven, which

42

was not the property of Metcalf, was none the less the property of Mr. Bockoven.    The judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.